Mohsen (Rumi) Parsa, Esq. (State Bar No. 293618)
2030 Main Street, Suite 1300
Irvine, CA 92614
T (949) 394-6930
F (848) 377-3156
mp@parsalaw.com

APPEARING PRO SE
PURSUANT TO 28 U.S. CODE § 1654

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MOHSEN PARSA, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>INSTAGRAM, LLC, a Delaware Limited Liability Company; TWITTER, INC., a Delaware corporation; META PLATFORMS, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No:<br><br>**COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION PENDING CHANGE OF CIRCUMSTANCES** |

      NOW COMES PLAINTIFF, MOHSEN PARSA, an individual, (hereinafter referred to as PLAINTIFF) and brings this action against Defendants INSTAGRAM, LLC, a Delaware Limited Liability Company (hereinafter referred to as "INSTAGRAM"), TWITTER, INC., a Delaware corporation (hereinafter referred to as "TWITTER"), META PLATFORMS, INC., a Delaware corporation (hereinafter referred to as "META"), and DOES 1 through 100, inclusive, (collectively hereinafter referred to as "DEFENDANTS"), for a temporary restraining order and preliminary injunction to restrain DEFENDANTS and anyone working in concert with said DEFENDANTS from:

      (1)    allowing the Government of Iran (hereinafter referred to as "Islamic Republic"), its state-sponsored media outlets, and certain hereinafter named officials of the Islamic Republic from using DEFENDANTS' social media platforms to disseminate disinformation and/or false and misleading information regarding the Islamic Republic's violent suppression of its citizen's widespread peaceful protests honoring the memory of 22-year-old Mahsa Amini (as fully explained in this Complaint), Islamic Republic's systemic discrimination against women in the last 43 years, and their demand for regime

change;

(2) allowing the Islamic Republic, its state-sponsored media outlets, and certain hereinafter named officials of the Islamic Republic from using DEFENDANTS' social media platforms to disseminate disinformation and/or false and misleading information regarding justifications for use of violence and aggression against its citizens' widespread peaceful protests honoring the memory of 22-year-old Mahsa Amini, Islamic Republic's systemic discrimination against women in the last 43 years, and their demand for regime change;

(3) allowing the Islamic Republic and certain hereinafter named officials of the Islamic Republic from using DEFENDANTS' social media platforms to disseminate disinformation and/or false and misleading information regarding justifications for incarceration of its citizens due to the widespread peaceful protests honoring the memory of 22-year-old Mahsa Amini, Islamic Republic's systemic discrimination against women in the last 43 years, and their demand for regime change; and

(4) allowing the Islamic Republic, its state-sponsored media outlets, and certain hereinafter named officials of the Islamic Republic from using DEFENDANTS' social media platforms to disseminate disinformation and/or false and misleading information to pro-regime vigilantes, radicals and "plain cloth" revolutionary guard militias (collectively hereinafter referred to as "Plain Cloth Militias") as to basis for Islamic Republic's ruthless crackdown of its citizens' widespread peaceful protests.

**INTRODUCTION**

1. While Plaintiff is an attorney with experience in class action lawsuits, PLAINTIFF brings this action in his individual capacity because naming other individuals as plaintiffs may undoubtedly result in retaliation by the Islamic Republic's Revolutionary Guard Corp in form of physical harm or even assassination and PLAINTIFF is not willing to put other people at risk. At such time in the future that it is prudent to add other Plaintiffs to this legal action, PLAINTIFF may seek to convert it into a class action.

2. The world currently finds itself in an age where information and communications are being flashed around the globe in milliseconds. People in the far reaches of our planet can inform each other of current events immediately and the "new cycle" is instantaneous. Although there are great educational consciousness advantages to this explosion in methods of communication, there are also growing opportunities for systemic dissemination of disinformation, misinformation, half-truths, and outright falsehoods by dictatorship regimes

and/or otherwise autocrats, tyrants, or totalitarians with ample access to financial and ideological resources to restrict access to and regulate internet and social media platforms in their territories to the material detriment of their citizens. It is in this minefield that PLAINTIFF seeks the Honorable Court's assistance and basically presents a question of First Impression.

3. The Islamic Republic currently uses DEFENDANTS' social media platforms to blame "Western media for instigating the protests" and downplays the widespread nature of such peaceful protests, and numbers of people involved in said protests. At the same time, the Islamic Republic is arresting large numbers of peaceful protesters, as well as using lethal force, incarceration at undisclosed locations, torture, and rape to suppress the peaceful protests, all while using DEFENDANTS' social media platforms to spread disinformation and endeavoring to prohibit and/or limit its own citizens' access to internet and the DEFENDANTS' social media platforms.

4. This Complaint seeks to stop DEFENDANTS from allowing the Government of Iran (hereinafter, referred to as the "Islamic Republic"), its state-sponsored media outlets, and certain hereinafter named officials of the Islamic Republic (collectively hereinafter referred to as "Islamic Republic Advocates") from using DEFENDANTS' social media internet platforms to disseminate disinformation and/or false and misleading information regarding the nature of and basis for current widespread peaceful protests in Iran honoring the memory of 22-year-old Mahsa Amini, Islamic Republic's systemic discrimination against women, and ad the repressive measures being used by the Islamic Republic to violently suppress said widespread protests.

A.  History

5. PLAINTIFF is informed and believes and thereupon alleges that shortly after the Iranian Revolution of 1979 (hereinafter referred to as the "Revolution"), the Islamic Republic introduced a mandatory dress code for women, in accordance with its interpretation of Islamic law.

6. PLAINTIFF is informed and believes and thereupon alleges that on or about March 7, 1979, the Supreme Leader of the Islamic Republic at the time, the Ayatollah Khomeini, decreed that all women in Iran were required to wear the hijab (Islamic headscarf) in their workplace and decreed that women would no longer be allowed to enter the workplace, or any government office unveiled. The Ayatollah Khomeini determined that women going about without the hijab were in fact "naked".

7. PLAINTIFF is informed and believes and thereupon alleges that violence and harassment against women not wearing the hijab in accordance with Islamic Republic's standards had become common after the Revolution, whether by law enforcement personnel or other pro-Islamic Republic regime vigilantes and/or the Plain Cloth Militias.

8. PLAINTIFF is informed and believes and thereupon alleges that over the last decade, Iranian society underwent significant changes, and that young women in particular tended to be more liberal about hijab rules. As a result, the Guidance Patrol, Islamic Republic's morality police, launched intermittent campaigns to verbally admonish and/or violently arrest Iranian women who violated the hijab rules and "re-educate" them from wearing the hijab incorrectly.

B. <u>Death of Mahsa Amini</u>

9. PLAINTIFF is informed and believes and thereupon alleges that on or about September 16, 2022, a 22-year-old Iranian woman named Mahsa Amini (hereinafter referred to as "Mahsa"), was arrested by the Islamic Republic's Guidance Patrol for not wearing the hijab in accordance with the Islamic Republic's standards.

10. PLAINTIFF is informed and believes and thereupon alleges that Mahsa was severely beaten while in police custody and later fell into a coma and died in a hospital, as a result of police brutality, although the Law Enforcement Command of the Islamic Republic stated that before transferring Mahsa to the hospital, she had a heart attack at a police station, collapsed, and fell into a coma.

11. PLAINTIFF is informed and believes and thereupon alleges that as a result of Mahsa's death, a series of ongoing peaceful widespread protests erupted in throughout Iran.

**PARTIES**

12. At all times herein mentioned, PLAINTIFF was and is both a citizen of the United States of America and a citizen of Iran. PLAINTIFF has extended family ties and social contacts in Iran and has a vested interest in ensuring the safety of PLAINTIFF's family and social contacts and associates. PLAINTIFF also has a vested interest in ensuring that disinformation and/or false propaganda regarding the manner of suppression being exerted by the Islamic Republic against the current widespread peaceful protesters in Iran is not disseminated by the Islamic Republic and/or the Islamic Republic Advocates through DEFENDANTS' social media internet platforms.

13. PLAINTIFF is informed and believes and thereupon alleges that at all times herein mentioned, Defendant INSTAGRAM was and is a limited liability company, organized and operating under the laws of the State of Delaware, and having significant contacts with residents of the State of California.

14. PLAINTIFF is informed and believes and thereupon alleges that at all times herein mentioned, Defendant TWITTER was and is a corporation, duly incorporated and operating under the laws of the State of Delaware and having significant contacts with residents of the State of California.

15. PLAINTIFF is informed and believes and thereupon alleges that at all times herein mentioned, Defendant META was and is a corporation, duly incorporated and operating under the laws of the State of Delaware and having significant contacts with residents of the State of California. PLAINTIFF is further informed and believes and thereupon alleges that META owns and operates a social media internet platform called Facebook, WhatsApp and Instagram.

16. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to PLAINTIFF, who therefore sue said DOE Defendants, and each of them, by such fictitious names and PLAINTIFF will seek leave of Court to amend this Complaint to allege such true names and capacities when same has been ascertained.

17. PLAINTIFF is informed and believes and thereupon alleges that at all times herein mentioned, the named DOE Defendants were the agents, servants, representatives, officers, directors, partners or employees of the other named DEFENDANTS and, in doing the things herein alleged, were acting within the scope and course of his/her/its authority as such agent, servant, representative, officer, director, partner or employee, and with the permission and consent of each of the other DEFENDANTS.

18. PLAINTIFF is informed and believes and thereupon alleges that at all times herein mentioned, the acts and omissions of DEFENDANTS, and each of them, concurred and contributed to the various acts and omissions of each and all of the other DEFENDANTS in proximately causing the injuries and damages as herein alleged.

19. PLAINTIFF is informed and believes and thereupon alleges that at all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the DEFENDANTS, and each of them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in proximately causing the damages, and other injuries, as

herein alleged.

## JURISDICTION AND VENUE

20. This Court has jurisdiction over the subject matter of this action pursuant to 47 U.S. Code §230[1], 28 U.S. Code § 1331, and Federal Rule of Civil Procedure Rule 65, as well as the fact that the PLAINTIFF is a citizen of a State different from the DEFENDANTS.

21. This Court has subject matter jurisdiction over the DEFENDANTS because they regularly Conduct and/or solicit business in, engage in other persistent courses of conduct in, and/or derive substantial revenue from products and/or services provided to persons in this District and in this State.

22. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the State of California, including this District. PLAINTIFF is informed and believes and thereupon alleges that at all times herein mentioned, potential viewers of DEFENDANTS' social media internet platforms exceed 5,000,000 individuals in the State of California.

## SUBSTANTIVE ALLEGATIONS

A. <u>Defendants' Platform Use Rules</u>

23. PLAINTIFF is informed and believes and thereupon alleges that at all times herein mentioned, TWITTER is a social media platform with roughly 330 million monthly active users. TWITTER has content-moderation policies called the Twitter Rules that are designed, among other things, to minimize the reach of harmful and misleading information. The rules are publicly available on TWITTER's website. In TWITTER's User Agreement, to which individuals agree as a condition of using the social media platform, TWITTER reserves the right to remove content that violates the Twitter Rules. TWITTER has promulgated rules regarding use of its accounts that prohibit "sharing false or misleading information intended to intimidate or dissuade people from participating in an election or other civic process." TWITTER in fact suspended former President Donald Trump from using is Twitter account due to the former Present Trump's false and misleading claims of voter fraud in the 2020 presidential election, which, false claims led to an insurrection at the national capital in Washington D.C. on January 6, 2021.

---

[1] 47 U.S. Code § 230(b)(5) It is the policy of the United States to ensure vigorous enforcement of Federal criminal laws to deter and punish … harassment by means of computer.

24. PLAINTIFF is informed and believes and thereupon alleges that at all times herein mentioned, INSTAGRAM is the world's largest photo sharing application with more than 50 billion photos uploaded by over one billion Instagram users since 2012. INSTAGRAM has content-moderation policies called the Community Guidelines that are designed, among other things, to afford an "authentic and safe place for inspiration and expression". INSTAGRAM has promulgated rules regarding use of its accounts in order to prevent speech which promotes "terrorism, organized crime or hate groups." INSTAGRAM has also stated that it will remove speech that presents "credible threats of violence, hate speech and the targeting of private individuals." INSTAGRAM also does not allow speech that involve "attacks or abuse based on race, ethnicity, national origin, sex, gender, gender identity, sexual orientation, religion, disability or disease." Finally, INSTAGRAM has made it clear that it may at its own discretion take measures that are in "public interest" after weighing the public interest value against the risk of harm and will look to "international human rights standards to make these judgments."

25. PLAINTIFF is informed and believes and thereupon alleges that at all times herein mentioned, META is the parent company to Facebook, Instagram, and WhatsApp, among other products and services. META has content-moderation policies called the Terms of Service that are designed, among other things, to promote "safety, security and integrity" of the users on its platforms. META, through its internet platform "Facebook", currently demands that its users "not post" speech critical of "concepts, institutions, ideas, practices, or beliefs associated with protected characteristics, which are likely to contribute to imminent physical harm, intimidation or discrimination against the people associated with that protected characteristic."

B.  <u>Internet Shutdowns and Restricted Access to Social Media Platforms in Iran</u>

26. PLAINTIFF is informed and believes and thereupon alleges that beginning around September 19, 2022, the Islamic Republic, in reaction to the above-mentioned protests, implemented regional shutdowns of internet access. As protests grew, a widespread internet blackout was imposed by the Islamic Republic along with nationwide restrictions on social media.

27. PLAINTIFF is informed and believes and thereupon alleges that notwithstanding the Islamic Republic's restrictions on social media use by its citizens, the Islamic Republic Advocates have been actively using DEFENDANTS' social media platforms to disseminate disinformation, as well as false and

misleading information to effectuate their oppressive agenda against Iranian citizens, which is now endangering the lives of PLAINTIFF's immediate relatives and social contacts in Iran.

28. On or about October 3, 2022, in his first statement since the outbreak of the protests, the Islamic Republic's current Supreme Leader, Ali Khamenei, dismissed the widespread unrest as "riots", and likewise tried to blame them on foreign intervention.

29. PLAINTIFF is informed and believes and thereupon alleges that as a result of the disinformation and/or false and misleading information being disseminated by the Islamic Republic Advocates, young women and men are being arrested as "rioters" for joining peaceful protests, and are being taken to undisclosed locations where they are being tortured, raped and killed by the Islamic Republic's security forces and Plain Cloth Militias.

30. PLAINTIFF is informed and believes and thereupon alleges that as of October 20, 2022, at least 233 people have been killed as a result of the Islamic Republic's security forces firing into groups of protesters with live ammunition, and in other cases were killing protesters by beating them with batons.

C.  <u>Continued Access to Defendants' Platforms</u>

31. By allowing the Islamic Republic and the Islamic Republic Advocates to continue to disseminate false and misleading information, as well as disinformation about the nature and source of the current protests in Iran on DEFENDANTS' social media platforms and allowing the Islamic Republic and the Islamic Republic Advocates to continue to disseminate propaganda to undermine the driving justifications for the current peaceful protests in Iran on DEFEDNANTS' social media platforms, DEFENDANTS, and each of them, are exacerbating the pain and suffering being inflicted on PLAINTIFF's immediate relatives and social contacts in Iran.

32. If DEFENDANTS, and each of them, are not immediately restrained and enjoined from continuing to allow the Islamic Republic and the Islamic Republic Advocates to use DEFEDNANTS' social media platforms to disseminate false propaganda about the motivating factors driving the current peaceful protests in Iran, hundreds, if not thousands, of more people in Iran, including PLAINTIFF's immediate relatives and social contacts in Iran, are at risk of imminent danger of getting incarcerated, tortured, raped and/or killed.

///

33.     Exigent circumstances exist by reason of the incarceration, serious injuries, and deaths of peaceful protestors including PLAINTIFF's immediate relatives and social contacts in Iran. There is no plain, speedy, or adequate remedy other than by seeking injunctive relief herein.

## FIRST CAUSE OF ACTION

### (Against All Defendants for Temporary Restraining Order)

34.     PLAINTIFF repeats and realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 33, inclusive, as if set forth in full herein.

35.     The continued use by the Islamic Republic and the Islamic Republic Advocates of DEFENDENTS' social media internet platforms are causing the dissemination of false and misleading information and disinformation about the nature and source of the current protests in Iran, which is resulting in immediate and irreparable injury, to wit, the incarceration of protesters, serious injuries, and the death of protesters who are relatives and social contacts of PLAINTIFF.

36.     If the DEFENDANTS, and each of them, are not immediately enjoined and restrained from continuing to allow the Islamic Republic and the Islamic Republic Advocates to use DEFENDENTS' social media internet platforms in order to disseminate such disinformation and false and misleading information about the nature and source of the current protests in Iran, such disinformation and false and misleading information will continue to materially contribute to the killing and incarceration of PLAITNIFF's innocent protesting relatives and social contacts, as well as other individuals.

37.     PLAINTIFF has no adequate remedy at law for the injuries that are resulting and will continue to result in the incarceration, and death of innocent protestors, if DEFENDANTS, and each of them, are not enjoined and restrained from continuing to allow the use of DEFENDENTS' social media internet platforms by the Islamic Republic, and the Islamic Republic Advocates to disseminate disinformation and/or false and misleading information, in that monetary damages will not and cannot compensate for the continued incarceration, tortures, rapes and death of said innocent protesters in Iran, including the PLAINTIFF's extended family members and social ties in Iran.

## SECOND CAUSE OF ACTION

### (Against All Defendants for Preliminary Injunction)

38.     PLAINTIFF repeats and realleges and incorporates herein by reference each and every allegation

contained in Paragraphs 1 through 37, inclusive, as if set forth in full herein.

39. A preliminary injunction should be issued against the DEFENDANTS, and each of them, from allowing the Islamic Republic and the Islamic Republic Advocates from using DEFENDENTS' social media internet platforms in order to disseminate false and misleading information concerning the underlying causes of the current protests in Iran arising from the death of Mahsa until such time as the repressive actions of the Islamic Republic in reaction to the current protests in Iran cease or until such time as the Islamic Republic stops disseminating disinformation, false information and misleading information about the nature and source of the current peaceful protests in Iran.

WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT against DEFENDANTS, and each of them, as follows:

**FIRST CAUSE OF ACTION**

1. For an order requiring DEFEDNANTS to show cause, if any they have, why they should not be temporarily enjoined and restrained from:

(a) allowing the Islamic Republic and the Islamic Republic Advocates from using DEFENDANTS' social media platforms to disseminate disinformation and/or false and misleading information regarding the Islamic Republic's suppression of its citizen's current peaceful protests honoring the memory of 22-year-old Mahsa Amini, and Islamic Republic's systemic discrimination against women in Iran;

(b) allowing the Islamic Republic and Islamic Republic Advocates from using DEFENDANTS' social media platforms to disseminate disinformation and/or false and misleading information regarding justifications for use of violence against its citizens' current peaceful protests honoring the memory of 22-year-old Mahsa Amini, and Islamic Republic's systemic discrimination against women in Iran;

(c) allowing the Islamic Republic and the Islamic Republic Advocates from using DEFENDANTS' social media platforms to disseminate disinformation and/or false and misleading information regarding justifications for incarceration of its citizens due to their current peaceful protests honoring the memory of 22-year-old Mahsa Amini, and Islamic Republic's systemic discrimination against women in Iran; and

(d) allowing the Islamic Republic and the Islamic Republic Advocates from using DEFENDANTS' social media internet platforms to disseminate disinformation and/or false and misleading information to pro-regime vigilantes, radicals and Plain Cloth Militias as to basis for its citizens' widespread peaceful protests.

2. For such other and further relief as the Court deems just and proper.

**SECOND CAUSE OF ACTION**

1. For an order preliminarily enjoining and restraining DEFENDANTS, and each of them from;

(a) allowing the Islamic Republic and the Islamic Republic Advocates from using DEFENDANTS' social media platforms to disseminate disinformation and/or false and misleading information regarding the Islamic Republic's suppression of its citizen's current peaceful protests honoring the memory of 22-year-old Mahsa Amini, Islamic Republic's systemic discrimination against women for the last 43 years, and their demand for regime change;

(b) allowing the Islamic Republic and Islamic Republic Advocates from using DEFENDANTS' social media platforms to disseminate disinformation and/or false information regarding justifications for use of violence against its citizens' current peaceful protests honoring the memory of 22-year-old Mahsa Amini, and Islamic Republic's systemic discrimination against women for the last 43 years, and their demand for regime change;

(c) allowing the Islamic Republic and the Islamic Republic Advocates from using DEFENDANTS' social media platforms to disseminate disinformation and/or false and misleading information regarding justifications for incarceration of its citizens due to their current peaceful protests honoring the memory of 22-year-old Mahsa Amini, and Islamic Republic's systemic discrimination against women in the last 43 years, and their demand for regime change; and

(d) allowing the Islamic Republic and the Islamic Republic Advocates from using DEFENDANTS' social media internet platforms to disseminate disinformation and/or false and misleading information to pro-regime vigilantes, radicals and Plain Cloth Militias as to basis for Islamic Republic's ruthless crackdown of its citizens' widespread peaceful protests.

///

///

2.     For such other and further relief as the Court deems just and proper.

Dated: October 28, 2022

_____
Mohsen Parsa, Esq.
IN PRO SE PURSUANT TO
28 U.S. CODE § 1654
WOMAN, LIFE, FREEDOM